FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2014 OCT 14  PM 3: 41

CLERK
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**JEFF SHORT**

       **Plaintiff(s)**

v.

       **Case No. 3:14-cv-**1240-J-20MCR

**LVNV FUNDING LLC**
       **Defendant(s).**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    JEFF SHORT ("Mr. Short" or "Plaintiff") sues LVNV FUNDING LLC ("LVNV" or "Defendant") and states:

### I. INTRODUCTION

    1.    This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a-1692g (hereinafter referred to as "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter referred to as "FCCPA"), which, inter alia, prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### II. PARTIES

    2.    Plaintiff is a natural person residing in Clay County, FL. At all times material, Plaintiff resided in Clay County, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

    3.    LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is registered with the Florida Office of Financial Regulation as a debt collector. Its principal place of business

1

is located at 625 Pilot Road, Suite 3, Las Vegas, NV 89119.

## III. JURISDICTION AND VENUE

4.      Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violation by Defendants took place in Clay County, FL.

## IV. FACTUAL ALLEGATIONS

5.      On September 25, 2013 (the "Petition Date"), Plaintiff filed a petition for relief under Title 11 Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case No. 3:13-bk-5788-PMG (the "Bankruptcy Case").

6.      Mr. Short filed his Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, (i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting them in collection efforts; and (ii) a financial "fresh start".

7.      After the filing of the Chapter 11, LVNV filed proof of claim 7 in the Chapter 11 case for a debt originally owed to MCI Communications Services, Inc. The Proof of Claim is attached as Exhibit 1.

8.      The proof reflects that the account was charged off on July 7, 1999.

9.      Accordingly, under the five (5) year Statute of Limitations contained in §95.11, Florida Statutes (2013), the debt was unenforceable in both State and Federal Courts as of the date of the filing of the Voluntary Petition.

10.     The filing of the Proof of Claim was an attempt to collect stale debt through the Chapter 11 case of Mr. Short and violated various provisions of the FDCPA. *See* 15 U.S.C.§ 1692e, 1692d-1692f; *Crawford Crawford v. LVNV Funding, LLC, et al.*, 758 F.3d 1254 (11th

Cir. 2014).

11.     Upon information and belief, the debt at issue is a consumer debt. Upon information and belief, the debt stems from charges for Mr. Short's home or cellular telephone service.

## V. CLAIMS FOR RELIEF
## COUNT I – FDCPA VIOLATIONS – LVNV

12.     The Plaintiff realleges paragraphs one (1) through eleven (11) above.

13.     In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. As stated above, all four elements are met in the instant case.

14.     Plaintiff is a natural person and therefore meets the FDCPA definition of a consumer.

15.     The debt at issue is a consumer debt as the unsecured debt was incurred by Plaintiff for personal, family or household use.

16.     Defendant is a debt collector as defined by 15 U.S.C. § 1692(a)(6).

17.     While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

18.     "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v.*

*LTD Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Defendant's malevolence or lack thereof, is irrelevant in establishing liability.

19.     LVNV violated the FDCPA. LVNV's violations include, but are not limited to, the following:

a.     LVNV misrepresented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

b.     By filing a proof of claim against a debtor in bankruptcy for a stale, unenforceable claim, LVNV used unfair means to attempt to collect the debt thereby violating 15 U.S.C. § 1692f(1). *See Crawford Crawford v. LVNV Funding, LLC, et al.*, 758 F.3d at 1261. Specifically, LVNV sought to recover amounts not permitted by law.

c.     LVNV did not comply with the requirements of 15 U.S.C. § 1692g. Upon information and belief, and to the extent this communication was the initial communication, LVNV did not provide the information required by 15 U.S.C. § 1692g. The collection notice failed to: (i) state that the debt will be assumed valid unless the debtor disputes the debt in writing within thirty (30) days; (ii) state that if the debtor does dispute the debt in writing, the collector will provide verification of the debt to the consumer debtor; (iii) state that upon the consumer's written request within the thirty-day period, the collector will provide the name of the original creditor if different from the current creditor.

d.     LVNV violated 15 U.S.C. § 1692e(11) by failing to provide the "mini-miranda" warning.

20.     LVNV violated multiple provisions of the FDCPA as outlined above.

4

Accordingly, LVNV is liable to Mr. Short for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing of this action.

## COUNT III – FCCPA VIOLATIONS - LVNV

21.     The Plaintiff realleges paragraphs one (1) through eleven (11) above.

22.     LVNV has violated the FCCPA. LVNV's violations include, but are not limited to:

    a.     LVNV attempted to receive immediate and full payment for a debt that was known to be unenforceable, thereby violating § 559.72(9) of the FCCPA. LVNV knew of the expiration of the statute of limitations and unenforceability under the Bankruptcy Code and applicable state law.

23.     Pursuant to Florida Statute § 559.77, LVNV is liable to Mr. Short for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

WHEREFORE, Plaintiff respectfully prays for (i) declaratory judgment in favor of Mr. Short finding LVNV violated the above stated provisions of the FDCPA and the FCCPA; (ii) judgment in favor of Mr. Short awarding actual and statutory damages; (iii) an award equal to any and all attorney fees and costs associated with bringing this action; and (iv) any and all other relief that the Court deems necessary and just.

The Plaintiff demands a jury trial on all issues so triable.

DATED this ___14___ day of October, 2014.

Law Offices of Mickler & Mickler

By: _____
TAYLOR J. KING

5

Attorney for Plaintiff
5452 Arlington Expressway
Jacksonville, Florida 32211
(904) 725-0822\FAX 725-0855
Florida Bar No. 72049
tjking@planlaw.com

6