UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFF SHORT
        Plaintiff(s),

v.                                       Civil Action No. 3:14-cv-1240-J-20MCE

LVNV FUNDING, LLC
        Defendant(s).
_____/

## DEFENDANT, LVNV FUNDING, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, LVNV Funding, LLC ("Defendant"), and Answers the Complaint in this matter as follows:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual customer, against Defendant for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692a-1692g (hereinafter referred to as "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§559.55-559.785 (hereinafter referred to as "FCCPA"), which, inter alia, prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

**RESPONSE:** **This averment does not call for an admission or denial. To the extent a response is required, Defendant denies that Plaintiff has any cause of action against Defendant.**

## II. PARTIES

2. Plaintiff is a natural person residing in Clay County, FL. At all times material, Plaintiff resided in Clay County Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

**RESPONSE: Without knowledge, therefore denied.**

3. LVNV is a "debt collector" as defined by 15 U.S.C. §1692a(6) and is registered with the Florida Office of Financial Regulation as a debt collector. Its principal place of business is located at 625 Pilot Road, Suite 3, Las Vegas, NV 89119.

**RESPONSE: Denied.**

## III. JURISDICTION AND VENUE

4. Jurisdiction of the Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Venue in this district is proper in that the alleged violation by Defendants took place in Clay County, FL.

**RESPONSE: Denied.**

## IV. FACTUAL ALLEGATIONS

5. On September 25, 2013 (the "Petition Date"), Plaintiff filed a petition for relief under Title 11 Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case No. 3:13bk-5788-PMG (the "Bankruptcy Case").

**RESPONSE: Defendant does not dispute the Court records.**

6. Mr. Short filed his Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, (i) protection under 11 U.S.C. §362 to prevent harassing debt collectors from contacting them in collection efforts; and (ii) financial "fresh start".

**RESPONSE: Without knowledge as to Plaintiff's motives, therefore denied.**

7.  After the filing of the Chapter 11, LVNV filed a proof of claim 7 in the Chapter 11 case for a debt originally owed to MCI Communications Services, Inc. The Proof of Claim is attached as Exhibit 1.

**RESPONSE: Defendant does not dispute the Court records.**

8.  The proof reflects that the amount was charged off on July 7, 1999.

**RESPONSE: Defendant does not dispute the contents of the Proof of Claim or bankruptcy records.**

9.  Accordingly, under the five (5) year Statute of Limitations contained in §95.11, Florida Statutes (2013), the debt was unenforceable in both State and Federal Courts as of the date of the filing of the Voluntary Petition.

**RESPONSE: Denied.**

10. The filing of the Proof of Claim was an attempt to collect stale debt through the Chapter 11 case of Mr. Short and violated various provisions of the FDCPA. *See* 15 U.S.C. § 1692e, 1692d-1692f; *Crawford Crawford v. LVNV Funding, LLC, et al.*, 758 F.3d 1254 (11th Cir. 2014).

**RESPONSE: Denied.**

11. Upon information and belief, the debt at issue is a consumer debt. Upon information and belief, the debt stems from charges for Mr. Short's home or cellular telephone service.

**RESPONSE: Without knowledge, therefore denied.**

## V. CLAIMS FOR RELIEF
## COUNT 1 – FDCPA VIOLATIONS – LVNV

12. The Plaintiff realleges paragraphs one (1) through eleven (11) above.

**RESPONSE: Defendant reincorporates its previous answers as if fully set out herein.**

13. In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. As stated above, all four elements are met in the instant case.

**RESPONSE: This first part of this paragraph contains a recitation of elements of a cause of action and therefore does not require a response. As to the second sentence, denied.**

14. Plaintiff is a natural person and therefore meets the FDCPA definition of a consumer.

**RESPONSE: Without knowledge, therefore denied.**

15. The debt at issue is a consumer debt as the unsecured debt was incurred by Plaintiff for personal, family or household use.

**RESPONSE: Without knowledge, therefore denied.**

16. Defendant is a debt collector as defined by 15 U.S.C. §1692(a)(6).

**RESPONSE: Denied.**

17.  While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. §1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

**RESPONSE: This paragraph is a recitation of law and does not require a response. To the extent a response is required, Defendant denies it has violated the FDCPA.**

18.  "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD Fin. Servs.*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Defendant's malevolence or lack thereof, is irrelevant in establishing liability.

**RESPONSE: This paragraph is a recitation of case law and does not require a response. However, to the extent a response is required, the allegations in this paragraph are denied.**

19.  LVNV violated that FDCPA. LVNV's violations include, but are not limited to, the following:

    a.  LVNV misrepresented the character and legal status of the debt in violation of 15 U.S.C. §1692e(2)(A).

    b.  By filing a proof of claim against a debtor in bankruptcy for a stale, unenforceable claim, LVNV used unfair means to attempt to collect the debt thereby violating 15 U.S.C. §1692f(1). *See Crawford Crawford v. LVNV*

*Funding, LLC, et al.*, 758 F.3d at 1261. Specifically, LVNV sought to recover amounts not permitted by law.

    c.    LVNV did not comply with the requirements of 15 U.S.C. §1692g. Upon information and belief, and to the extent this communication was the initial communication, LVNV did not provide the information required by 15 U.S.C. §1692g. The collection notice failed to: (i) state that the debt will be assumed valid unless the debtor disputes the debt in writing within thirty (30) days; (ii) state that if the debtor does dispute the debt in writing, the collector will provide verification of the debt to the consumer debtor; (iii) state that upon the consumer's written request within the thirty-day period; the collector will provide the name of the original creditor if different from the current creditor.

    d.    LVNV violated 15 U.S.C. §1692e(11) by failing to provide the "mini-miranda" warning.

**RESPONSE: Paragraph 19 and its subsections are denied.**

20.    LVNV violated multiple provisions of the FDCPA as outlined above. Accordingly, LVNV is liable to Mr. Short for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing of this action.

**RESPONSE: Denied.**

## COUNT III – FCCPA VIOLATIONS - LVNV

21.    The Plaintiff realleges paragraphs one (1) through eleven (11) above.

**RESPONSE: Defendant reincorporates its previous answers as if fully set out herein.**

6

22. LVNV has violated the FCCPA. LVNV's violations include, but are not limited to:

    a. LVNV attempted to receive immediate and full payment for a debt that was known to be unenforceable, thereby violating §559.72(9) of the FCCPA. LVNV knew of the expiration of the statute of limitations and unenforceability under the Bankruptcy Code and applicable state law.

**RESPONSE: Paragraph 22 and its subsections are denied.**

23. Pursuant to Florida Statute §559.77, LVNV is liable to Mr. Short for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

**RESPONSE: Denied.**

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim or cause of action upon which relief can be granted.

2. Defendant pleads the FDCPA and FCCPA do not apply to the bankruptcy claims process and, to the extent they do, are displaced, precluded or preempted by the Bankruptcy Rules of Procedure. The filing of a proof of claim in a bankruptcy proceeding cannot be the basis of a cause of action under the FDCPA or FCCPA.

3. Defendant pleads preemption and/or displacement.

4. Defendant pleads that the account or accounts it sought to collect were within the applicable statute of limitations or, in the alternative, that the debts are still collectible nonetheless.

5. Defendant asserts all rights, privileges, protections, and defenses available under the FDCPA and FCCPA and regulations issued under the FDCPA and FCCPA. Defendant

reserves the right to prove that any alleged violation, whether specifically alleged in the Complaint or otherwise, to be the result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error. Any acts by Defendant that may have violated the FDCPA or the FCCPA, which are denied, are defensible under the *bona fide* error defense provided by the FDCPA or the FCCPA.

6. Defendant denies any violation of the FDCPA, FCCPA or the Bankruptcy Code and demands strict proof thereof.

7. Defendant denies communicating with the Plaintiff.

8. Defendant denies communicating with a natural person in violation of the FDCPA or the FCCPA.

9. Defendant denies the application of the least sophisticated consumer doctrine, or in the alternative, pleads the least sophisticated consumer would not be deceived by the conduct alleged in the Complaint.

10. Defendant denies the Plaintiff has suffered any damages as a result of any act, error, or omission of this Defendant.

11. To avoid waiver, Defendant pleads the statute of limitations.

12. Defendant pleads failure to mitigate damages.

13. Defendant pleads contributory negligence.

14. Defendant pleads unclean hands.

15. Defendant pleads affirmation or reaffirmation.

16. Defendant pleads the voluntary payment doctrine.

17. Defendant pleads collateral estoppel, issue preclusion, and res judicata.

18.     Defendant pleads the Plaintiff's damages, if any, were caused by the acts, errors or omissions of third parties for which this Defendant has no legal control or liability.

19.     Defendant pleads it acted at all times in compliance with applicable law, including the FDCPA and the bankruptcy claims process.

20.     Defendant pleads lack of standing.

21.     Defendant pleads the Plaintiff is not the real party in interest.

22.     Defendant pleads ratification.

23.     Any actions taken by Defendant were in good faith and not by any means prohibited by or actionable under any law, including the FDCPA and the FCCPA. Any actions taken by Defendant were inadvertent, simple mistakes, not willful or intentional attempts to violate any law and, accordingly, no action taken by Defendant (to the extent Defendant took any action) give rise to an award of actual or statutory damages, costs, or attorney's fees.

24.     Defendant reserves the right to assert additional affirmative defenses as discovery continues.

**WHEREFORE**, Defendant respectfully requests that this Court enters an order (i) denying the relief sought in the Complaint; (ii) awarding Defendant attorney's fees and costs incurred in this matter; and (iii) granting such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Ella Shenhav
Ella Shenhav
Florida Bar Number 81996
SHUTTS & BOWEN LLP
4301 W. Boy Scout Blvd., Suite 300

Civil Action No. 3:14-cv-1240-J-20MCE

Tampa, FL  33607
Telephone No.: (813) 227-8121
Facsimile No.: (813) 227-8221
eshenhav@shutts.com
Attorney for Defendant,
LVNV Funding, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing *Defendant's Answer and Affirmative Defenses to Complaint* has been provided via ☐ First Class U.S. Mail Postage Prepaid: ☐ Facsimile; ☐ Hand Delivery and/or ☒ Electronic filing on November 20, 2014, to Taylor J. King, Esq., Law Offices of Mickler & Mickler, LLP, 5452 Arlington Expressway, Jacksonville, FL 32211.

/s/ Ella Shenhav
Ella Shenhav

TPADOCS 20471207 1